Cherie Alexander
PO 230842
Encinitas, Calif.
    92023

Pro Per

FILED

07 DEC 20  PM 4:43

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: PBL                    DEPUTY

( Please excuse my writing.
I'm disabled from work
related Stress and had stroke.
Can't type anymore. )

( This is in 90 days
the Original Copy
of 1st Complaint. )

In the United States District Court

In the and for the Southern District of California

Case no: 07 CV 2397 BEN BLM

Cherie Alexander,

v.        ( Plaintiff, )

v. OAH Agency- Division of DGS.
Hired by:
San Diego Unified School District
and Office of Administrative Hearing
Agency etel, ( Defendants. )
Ahler/ Brazio/ Hjelt/ Alvord as individuals also
            ↑ Defendants

Plaintiff Cherie Alexander alleges
the following:↓

Complaint for:

① Wrongful Termination in
   Violation of public Policy
   and Gov't Code and Educ.
   Code etc.
② Disability Discrimination in
   Violation of Title VII of civil
   Rights act. Made false reports also.
③ Gender Discrimination in violation
④ Age Discrimination /of Employ't
⑤ Obstruction of Justice. act
   as follows:
⑥ Abuse and Severe Harassment
   Continued - hasn't Stopped.
⑦ Slandered/ Mobbed/ Conspired.
⑧ Bad practices/ altered Legal
   on Documents!
   / Sealed records!

Venue & Jurisdiction

Hereby allege this location of San Diego County
and it's court has matter jurisdiction over this
matter relative to 28 U.S.C. Sections 1331 and 1332.

Therefore the venue is correct since events
occurred therein - and specifically for all the
alleged unlawful practices which happened in her
employment location in the county of San Diego in
State of California.

1                                    2

Time Line of Suit - 90 days

1
2  Herein the time line of this filing is correct. It
3  (EEoc's letter - see exhibit #1 specifically points out
4  that a filing must occur within 90 days. It was
5  sent on 9-20-07. I received it the next day on
6  the 22nd of September 2007. Therefore this time line
7  is correct. Further: San Diego Unified School District
8  refused the discovery - which OAH knew but chose to
9  continue without an answer to the appeal to obtain it before
10 the hearing (Gov't code 11507.6 which specifically necessary be-
11 fore the hearing.) Further: Plaintiff/Alexander is not required to
12 also comply with the claims presentation requirement of the
13 Government Tort Claims Act. Garcia v. Los Angeles Unified
14 School District (1985) 173 Cal. App. 3d 701, 710 -711.
15

16           Parties
17

18  Plaintiff is Mrs Alexander. also known a Cherie Alexander.
19  OAH is known a Office of Administrative Hearings.
20  DGS is known as Department of General Services.
21  SDUSD is known as San Diego Unified School District
22  HFM is known as Higgs Fletcher Mac Attorney Firm
23  Sherman is known as attorney for HFM
24  Cologne is known as attorney for HFM
25
26  Further: Plaintiff/Alexander believes and is cognizant
27  of facts that affect this case and her employment
28  significantly. Hereafter SDUSD (will be "District.")

2

1  Therefore Plaintiff/Alexander was and is an entity
2  Subject to Suit under Title VII of the civil Rights
3  Ac Act of 1964, as amended, ("Title VII), the age
4  Discrimination in Employment act of 1967,
5  as amended, 29 USC 621 et seq ("ADEA"), and
6  the Americans with Disabilities act of 42 USC
7  12101 et seq ("ADA") in that Defendant was and
8  is an employer who regularly employs fifteen
9  or more persons in the States of California, Co
10 of San Diego and was/is plaintiffs
11 employer.

12

13 Plaintiff is unaware of the true identities of other
14 defendants who are responsible at least in part for
15 the occurrences alleged herein and are therefore liable
16 to Plaintiff for the damages proximately caused
17 thereby. Plaintiff will seek leave of this
18 honorable Court to further amend her
19 complaint to allege their identities when they
20 have been ascertained.

21

22 Plaintiff is informed and believes and thereon
23 alleges that each of the defendants was the
24 employee, agent or representative of each of their
25 co-defendants and, when doing the acts alleged herein,
26 was acting within the course and scope of the
27 employment, agency or representation.
28

1. Under ADEA Plaintiff has exhausted State administrative
2. remedies before filing civil action. This has been
3. executed herein and no resolution evolved there
4. from on the prior dimension - therefore this
5. Suit is brought in good faith to obtain justice
6. and truth therein. Plaintiff did not receive
7. benefits or promotions due her under EPA
8. Act (FLSA) (29 USC § 201 et seq)
9. Be mindful to take notice that this claim
10. was also filed under DFEH as well as EEOC.
11. EEOC and FEHA/DFEH have given permission
12. for right to sue for violations of the
13. agency and/or employer/ers. Plaintiff
14. reserves right to bring forth other points and
15. authorities pertaining to this case.
16. Plaintiff was given no relief or accommodation
17. or consideration via motions to her case by
18. Brozio and Hjelt thus ignoring her disability
19. and Brozio made fun of plaintiffs writing. He
20. hadn't even read about her side to care in fact. He
21. was Pro-District as he was prejudice and his children
22. attended the San Diego Schools. Brozio showed
23. distain for Plaintiff's disability and he didn't
24. care about Justice. In fact he blocked it
25. and he interfered with Justice to the point he
26. wrote letter to Sabatage Discovery for a fair
27. Hearing. He broke many laws Gov't and Educ and
28. Civil Right laws too. (others in the agency did too)

4

5

My Neighbor said would do
a little typing for me ! The
following is the typed part.

then I will finish the
remaining . Thankyou.

## GENERAL BACKGROUND FACTS

*1*   At the time of the events alleged herein, Plaintiff was a tenured teacher with the San Diego Unified School District with five years' experience in her position as a Kindergarten teacher at Torrey Pines Elementary School, and, having approximately 20 years' of teaching experience overall, she was fully capable of satisfactorily performing the essential duties of her job, with or without a reasonable accommodation.

*2*   On or about August 23, 2002,  Plaintiff returned to Torrey Pines Elementary School after the summer break to begin preparing her classroom and curriculum materials for the 2002-2003 school year.  Upon examining her classroom, Plaintiff learned that Colleen Conaway, then the principal of Torrey Pines Elementary School, and her assistance, Christine Marra, had removed, concealed, and/or disposed of Plaintiff's personal effects, including multiple boxes of reference *Phonics envelope* materials, books used in classroom instruction, family photographs, and a personal box in which she had stored a considerable amount of cash.

*3*   Conaway represented to Plaintiff that she had removed Plaintiff's belongings because she thought that Plaintiff's classroom had been described as a "fire hazard" in a fire marshal's report; in fact, the fire marshal's report made no allegation.  *Fire Doc. legal were changed By Conaway & Solo !!*

*4*   Plaintiff reported the loss and/or theft of her personal effects to the San Diego Police Department on or after August 9, 2002.

*5*   In addition, Plaintiff notified the District of the loss and/or theft of her personal effects from the Torry Pines Elementary School premises.  *(via many letters)*

*6*   During the fall of 2002, Jim Solo (hereinafter "Solo") took over as principal of the Torry Pines Elementary School.  *He was instructed to target Plaintiff. (age)*

*7*   On or about the fall of 2002, during the course of a school day, Plaintiff fell ill with cold and flu like symptoms, and, in accordance with District policy, obtained coverage for her classroom, and signed out in order to seek and obtain appropriate medical treatment.

*8*   Despite Plaintiff having followed established District policy, Solo issued Plaintiff written reprimands for the incident.  *Hersteins "hear say" and lies Sd used.*

*9*   On or about January 7, 2003, Solo began shouting at Plaintiff in the workplace, and threatened her with disciplinary action, up to and including termination.  His verbal abuse was accompanied with threatening gestures toward Plaintiff, such as waiving his arms very near her person, and in a manner that reasonably caused Plaintiff to flea from Solo in fear for her personal *Safety !*                          *But  Harassment continued.*

10  Shaken and upset, Plaintiff returned to her classroom duties, but, within a few hours of Solo's abusive tirade, Plaintiff began to feel ill, noting tingling and numbing sensations on one side of her body during a meeting with fellow teachers, who became alarmed and persuaded Plaintiff to seek emergency medical attention. In fact, Plaintiff suffered a left-sided hemi paresis (i.e., stroke), and spent four days in the hospital, remaining on disability leave until June 13, 2003.

11  During this her convalescent leave, Solo "wrote up" Plaintiff and caused her to ~~possibly~~ suffer a seven day suspension without pay— *but that didn't occur. Instead District decided to fire her! For what?! Being old and disabled—*

12  Also during Plaintiff's convalescent leave, Solo informed Plaintiff that her classroom materials were to be removed, and undertook to do so without affording Plaintiff, who was not well enough to return to the classroom, to designate a representative to attend the packing and/or removal of her materials. *Her substitute said "no"— but Solo took video and did it!! Many items then were missing again.*

13  In addition, when Plaintiff received a medical release and returned to her classroom on June 13, 2003, Solo interrupted her teaching a reading lesson, and demanded that she leave the premises, alleging that there was a "ban" on her being present at work and threatening to call the police. However, upon contacting the police and the District, Plaintiff was unable to discover any such ban preventing her from working. *Therefor it was a "false" arrest called on by Solo to further haress[ed] plaintiff.*

14  On June 19, 2003, when Plaintiff returned to check on her classroom, she was presented with a notice of Administrative Transfer, effectively terminating her employment at Torry Pines Elementary School without cause. *Union filed grievance to no avail.*

15  On or about November 25, 2003, Plaintiff caused a Charge of Discrimination to be filed with the Federal Equal Employment Opportunity Commission ("EEOC"), and on March 31, 2004, the EEOC issued a "right-to-sue" letter to Plaintiff. Attached hereto as Exhibit "A" and Exhibit "B" respectively, are true and correct copies of said Charge of Discrimination and of said right-to-sue letter, each of which are incorporated herein by this reference.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION OF ADEA
### (Against All Defendants)

16  Plaintiff realleges paragraphs 1 through 21 above and incorporates them herein by reference as though set forth in full.

17  At all relevant times mentioned herein, the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. 621 *et seq.* was in full force and effect, and the District was subject to its requirements. *So was the agency of OAH which is called office of Administrative Hearing which is a branch of the Department of General Services (DGS). This isn't a true court setting.*

2

18 Plaintiff, upon her release by her physician, was at all times qualified to perform and satisfactorily performed the requirements of her teaching duties with the District, with or without a reasonable accommodation. However an accommodation would have been appreciated as she returned with a cane.

19 Defendant, and its agents, engaged in conduct intended to humiliate Plaintiff, and discriminated against her on the basis of her age.

20 As a proximate result of the conduct of the Defendant(s), as alleged above, and in violation of law, the District suspended (i.e., forced Plaintiff to take ~~un~~paid leave), and sought to terminate Plaintiff's employment. and keep her away from her ك class

21 As a further proximate result of the Defendants(s) conduct, as alleged, above, Plaintiff suffered and continues to suffer severe embarrassment, anxiety, humiliation, and emotional distress, all to her damage and in an amount according to proof, including reasonable attorney's fees and costs. already paid out — and now plaintiff is proper,

22 As a further proximate result of the Defendants(s) conduct, as alleged, above, Plaintiff has been harmed in that she has suffered the loss of wages, benefits, and the loss of future employment benefits, including promotions and salary increases. (Especially Summer School)

## SECOND CAUSE OF ACTION
23 <u>GENDER DISCRIMINATION IN VIOLATION OF TITLE VII</u>
(Against All Defendants)

Plaintiff realleges paragraphs 1 through 21 above and incorporates them herein by reference as though set forth in full.

24 At all relevant times mentioned herein, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *.et seq.* was in full force and effect, and the District was subject to its requirements.

25 Plaintiff, upon her release by her physician, was at all times qualified to perform and satisfactorily performed the requirements of her teaching duties with the District, with or without a reasonable accommodation.

26 Defendant, and its agents, engaged in conduct intended to humiliate Plaintiff, and to discriminate against her on the basis of her gender, female..

8

27  As a proximate result of the conduct of the Defendant(s), as alleged above, and in violation of law, the District suspended (i.e., forced Plaintiff to take ~~unpaid~~ leave), and sought to terminate Plaintiff's employment.

28  As a further proximate result of the Defendants(s) conduct, as alleged, above, Plaintiff suffered and continues to suffer severe embarrassment, anxiety, humiliation, and emotional distress, all to her damage and in an amount according to proof, including reasonable attorney's fees and costs.already incurred - but now pro per

29  As a further proximate result of the Defendants(s) conduct, as alleged, above, Plaintiff has been harmed in that she has suffered the loss of other wages, benefits, and the loss of future employment benefits, including promotions and salary increases.

### THIRD CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF THE A.D.A.
#### (Against All Defendants)

30  Plaintiff realleges paragraphs 1 through 21 above and incorporates them herein by reference as though set forth in full.

31  At all relevant times mentioned herein, the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.* was in full force and effect, and the District was subject to its requirements.

32  Plaintiff, upon her release by her physician, was at all times qualified to perform and satisfactorily performed the requirements of her teaching duties with the District, with or without a reasonable accommodation.

33  Defendant, and its agents, engaged in conduct intended to humiliate Plaintiff, and to discriminate and/or retaliate against her on the basis of either her actual or perceived disability regarding the stroke she had suffered. This left her with "anxiety Disorder" and termed her disabled.

34  As a proximate result of the conduct of the Defendant(s), as alleged above, and in violation of law, the District suspended (i.e., forced Plaintiff to take unpaid leave), and sought to terminate Plaintiff's employment. to the present whereby OAH Did So on unlawful premis.

35  As a further proximate result of the Defendants(s) conduct, as alleged, above, Plaintiff suffered and continues to suffer severe embarrassment, anxiety, humiliation, and emotional

28

distress, all to her damage and in an amount according to proof, including reasonable attorney's fees and costs.

36    As a further proximate result of the Defendants(s) conduct, as alleged, above, Plaintiff has been harmed in that she has suffered the loss of wages, benefits, and the loss of future employment benefits, including promotions and salary increases.

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants)

37    Plaintiff realleges paragraphs 1 through 21 above and incorporates them herein by reference as though set forth in full.

38    At all relevant times mentioned herein, Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621.*et seq.* ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. 12101 .*et seq.* ("ADA") were in full force and effect, and the District was subject to its requirements.

39    Plaintiff, upon her release by her physician, was at all times qualified to perform and satisfactorily performed the requirements of her teaching duties with the District, with or without a reasonable accommodation.

40    Defendant, and its agents, engaged in conduct intended to humiliate Plaintiff, and to discriminate and/or retaliate against her on the basis of her age, gender, and either her actual or perceived disability regarding the stroke she had suffered, in violation of public policy.

41    As a proximate result of the conduct of the Defendant(s), as alleged above, and in violation of law, the District suspended (i.e., forced Plaintiff to take unpaid leave), and sought to terminate Plaintiff's employment. *Put her on Admin leave but never sent her paper about it or said why exactly - even tho workers comp. said could go back*

42    As a further proximate result of the Defendants(s) conduct, as alleged, above, Plaintiff suffered and continues to suffer severe embarrassment, anxiety, humiliation, and emotional distress, all to her damage and in an amount according to proof, including reasonable attorney's fees and costs *already paid out which plaintiff's covered.*

10

(A)

Continued Events (Sept. 2007)

43'  _OAH_ Kept Discovery from me — plaintiff
deserved it before hearing. OAH would not
allow that. plaintiff appeal then left
plaintiff took over as proper.

44  _OAH_ refused to wait for Court of appeals
to rule on issue of Discovery which was
of utmost importance for evidence on
case — Law requires Discovery before
hearing not after!

45'  _OAH_ didn't allow opportunity for
plaintiff to ever obtain her materials
on 14th or 15th as her attorney who
quit on weekend didn't return any
materials until the 25th !!!! She could
have sent them over night at the very
least!

46  Plaintiff faxed 75 page to Director and
presiding Judge of the problem.
Sept. 16  But Brozio OAH has gone forth re-
2007  gardless 17 ← (18 no one there) 19 → 24 plaintiff not allowed to appear even!
Plaintiff return in several days out of
state.

47  Plaintiff was never noticed of representation
taken away from her until it was after
the fact — She didn't even have opportunity
for oral argument — nothing.

48  plaintiff was ambushed by OAH and District
Laws were broken on many levels
and plaintiff believes and has information
that it was Conspiracy and obstruction of Justice
to the 100+ degree.

11

Continued Events Continued          Sept. 2007

49   Point on Deposition Plaintiff planned
     to take: After (OAH) wanted to cut Plaintiff's Defenses
     on a video issue — Brozio followed it up.
     ① 3 or 4 times Scheduled video: May 29 May 30
        June 1, July 16 all were ok. But I was
                                    out of town on 30/31 of May/07!!
     She was audible                         I told the they didn't
     She went July 16 — sat down in chair    care.

50   They (HFM) Sherman (Attorney) refused
     to continue without video.

     Plaintiff has an anxiety disorder
     left over from severe harassment
     and stroke that happened at the
     hostile site.

     She'd already done video for (HFM)
     and it had made her sick for
     2 weeks. They already had deposition
     over 100+ pages long.

     But plaintiff told them & her attorney
     she would do another one but she
     couldn't do a video.

     Plaintiff wrote letter stating such.
     Plaintiff was ignored — HFM just
     continued to set them with
     video! Plaintiff didn't get
     notice about "video" until night
     before and called her attorney
     who said go anyway and I'll
     tell him it was an error about
     the video — She didn't protect my
     health — and HFM didn't care
     about my health. In fact they
     knew about the anxiety disorder
     and planned to "play" upon it.

So:
Now OAH
& Dist. wish
to sanction
Plaintiff over
$5,000.00
for not doing
a video depo.

It's appeal is
pending.

12

Continued Events Continued    Sept. 2007    C

SI    Therefore: without plaintiff

without any evidence of hers

without proper panelist

as Alexander called panelist after her attorney left cell message she quit — to tell the panelist not to make the long trip until things were regrouped.

This panelist Hung up on plaintiff. So Plaintiff felt she was pres. and left message that she didn't want her as a panelist of her choice!

OAH ignored (my) Plaintiff's sex and refused to call her even!!

Panelist went to OAH anyway — talked to OAH + was told to go out thus (17) and (19) 2 days fired Alexander.

they knew plaintiff had no defenses/no papers made from attorney Rothman they let go!!

Not fair / Not any sense here!!

They all (Especially you RH) conspired to fire me. And did it illegally

13

D

## Conclusion

52  This suit is filed within 90 days many laws broken. Request trial by Jury

Attorney hopefully will be coming on board.

Plaintiff apologizes for writing here in. (neighbor typed some of it but was unavailable for all.

Plaintiff is disabled because of the hostile site which Solo Jim Conaway Marra McVeigh all conspired to create for plaintiff after they stole her money and other items then laughed at plaintiff They targeted plaintiff and harassed plaintiff and District Legal Dept. hired HFM Firm to do their work legally for them. The District also hired OAH to fire Plaintiff. Which they did with out due Process of the law.

This was all set up by District to protect the administrators who are thieves and liars

Plaintiff — exhausted that area and now comes to Federal Courts for Justice and fair ness and laws of "right" to be enforced.

14

53    As a further proximate result of the Defendants(s) conduct, as alleged, above,

Plaintiff has been harmed in that she has suffered the loss of wages, benefits, and the loss of future

employment benefits, including promotions and salary increases. *Most of all -lost days of happiness with my K class. I've been put in Limbo and not allowed fair treatment there!!*

WHEREFORE, Plaintiff prays for judgment as stated below.

1.    For general damages in an amount unknown at this time, but according to proof at

the time of trial; *Many individuals harassed plaintiff and conspired to remove her Job and credential under unlawful practices!!*

2.    For special damages in an amount unknown at this time, but according to proof at

the time of trial; *Specifically for attacking her disability and not allowing discovery before a hearing — or — represent ran and not allowing the evidence— Then sealing things!*

3.    For costs of suit incurred herein;

4.    For reasonable attorney's fees; *already Paid out — and transcripts costs*

5.    For punitive damages according to proof at the time of trial; *according to Laws. 1,000,000 or less*

6.    For such other and further relief as this court deems just and proper.

*Dec. 20, 2007*    *by. Cherie Alexander, pro per.*

*Cherie Alexander*
*pro per*
*12/20/07*

*Under penalty of perjuring under Cali laws il declare this paper in its entirety true and correct*
*Cherie Alexander*
*Dec. 20, 2007*

*15*

Exhibits

1   to   5

Sets

Exhibits

① Right to Sue

② OAH

③ Disabled

④ Thyft Background

⑤ Changed legal Documents

17

Right to Sue

EEOC

DFEH

Ex (1)

18

EEOC Form 161-B (3/98)

Ex / 

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Cherie Alexander**<br>P.O. Box 230842<br>Encinitas, CA 92023 | From: | **San Diego Local Office**<br>401 B Street<br>Suite 510<br>San Diego, CA 92101 |
|---|---|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **488-2007-00776** | **Carmen Ortiz,**<br>**Investigator** | **(619) 557-7288** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

| ☐ | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☒ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Joyce E. Cooper*       **9/20/2007**
_____    *(Date Mailed)*
**Joyce E. Cooper,**
**Local Office Director**

cc:    **OFFICE OF ADMINISTRATIVE HEARINGS**
1350 Front Street, Room 6022
San Diego, CA 92101

*arrived 9/20/07*
*to me* *C Alexander*

19

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **488-2007-00776** |

and EEOC

_State or local Agency, if any_

| Name _(indicate Mr., Ms., Mrs.)_<br>**Ms. Cherie Alexander** | Home Phone _(Incl. Area Code)_<br>(760) ~~845-8448~~ | Date of Birth<br>**09-13-1941** |
|---|---|---|

Street Address
**P.O. Box 230842, Encinitas, CA 92023**          City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. _(If more than two, list under PARTICULARS below.)_

| Name<br>**OFFICE OF ADMINISTRATIVE HEARINGS OAH** | No. Employees, Members<br>**Unknown** | Phone No. _(Include Area Code)_<br>**(619) 525-4475** |
|---|---|---|

Street Address
**1350 Front Street, Room 6022,  San Diego, CA 92101**          City, State and ZIP Code

| Name | No. Employees, Members | Phone No. _(Include Area Code)_ |
|---|---|---|

Street Address          City, State and ZIP Code

DISCRIMINATION BASED ON _(Check appropriate box(es).)_

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ OTHER _(Specify below.)_

DATE(S) DISCRIMINATION TOOK PLACE
| Earliest | Latest |
|---|---|
| **08-27-2007** | **08-27-2007** |

☐ CONTINUING ACTION

THE PARTICULARS ARE _(If additional paper is needed, attach extra sheet(s)):_

1. On or about August August 27,2007, I was denied the right to obtain discovery for my case, in that OAH obstructed justice and discovery to which I as a citizen am entitled.  Also OAH denied my motions based on my disability.  In addition I was refused a continuance of hearing.  OAH has failed to remain neutral in that it has sided with and has been guided by the School System.  These actions by AOH prevent me from obtaining a fair and impartial trial.

2. No reason has been given for the above mentioned actions.

3. I believe I have been discriminated and retaliated against because previous complaints about discrimination based on my age, 65 and my disability in violation of the Age Discrimination in Employment act of 1967 and of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Aug 31, 2007**          _Cherie Alexander_<br>Date          _Charging Party Signature_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>_(month, day, year)_ |

20

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                              ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov



August 28, 2007

CHERIE ALEXANDER
P.O. Box 230842
Encinitas, CA 92023

RE:    E200708D0235-00-apsc
       ALEXANDER/OAH -  OFFICE OF ADMINISTRATIVE HEARINGS

Dear CHERIE ALEXANDER:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 27, 2007 because an immediate right-to-sue notice was requested.  DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

21

**\*\*\* EMPLOYMENT \*\*\***

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200208-D-0235-00-apsc

DFEH USE ONLY

⑫

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) Cherie Alexander

TELEPHONE NUMBER (INCLUDE AREA CODE) 760 415 2674

ADDRESS P.O. Box 230842

CITY/STATE/ZIP Encinitas   Calif 92023   COUNTY San Diego Ca   COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME Agency Called: OAH Office of Admin Hearings - Going against - Third time

TELEPHONE NUMBER (Include Area Code)

DFEH USE ONLY

ADDRESS 1350 Front Street Rm 6022   San Diego, Ca

CITY/STATE/ZIP San Diego California   COUNTY   COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)   DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) Continuing this Spec. last Sweek!!   RESPONDENT CODE

THE PARTICULARS ARE:

On Aug 23 04 I was [ ] fired [ ] laid off [ ] demoted [x] harassed [ ] genetic characteristics testing [ ] forced to quit

or Aug Approx. Aug. (Last wk meeting) 22-to-26

[ ] denied employment [ ] denied promotion [ ] denied transfer [x] denied accommodation Motions [x] impermissible non-job-related inquiry [x] other (specify)

[ ] denied family or medical leave [ ] denied pregnancy leave [ ] denied equal pay [ ] denied right to wear pants [ ] denied pregnancy accommodation

Right to Obtain my Discovery for my case! OAH supposed to be neutral but not acting like it. They are obstructing Justice!! & Discovery

by Whole Group there! At San Diego OAH Dept.

Name of Person Brosio/Alvord/Ahler   Job Title (supervisor/manager/personnel director/etc.)

because of my: [x] sex [x] age [ ] religion [ ] race/color   [ ] national origin/ancestry [ ] marital status [ ] sexual orientation [x] association to CHA   [x] physical disability [ ] mental disability [ ] other (specify)   [ ] cancer [ ] genetic characteristic

(Circle one) filing/(Protesting) participating in investigation (retaliation for)

Also Denied my Motions! Because of my disability.

the reason given by All 3 Judges: Alvord/Ahler/Bosio they are all

Name of Person and Job Title

Sticking Together and trying to obstruct truth and Justice (Alvord used to be fair, but he's pressured by School District so He doesn't care about me or my case anymore)

Was because of [please state what you believe to be reason(s)] Judge Ahler absolutely sided and guided with the School District! I have copies of the transcripts - He wanted to hav surgery and didn't care how I was dealt with etc. I asked for new representative Bosio - He was rude to me about my disability and refused my Motions!! He wrote a letter.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

↳ Judge Bosio wrote letter to Superior Court to obstruct my Discovery

Dated Aug. 27, 2007

COMPLAINANT'S SIGNATURE Cherie Alexander

At San Diego Calif
City

This OAH is supposed to be "neutral" but I'm being harassed and made fun of And not allowed discovery that is wrong. They wrote letter to court to stop my discovery!!!

DATE FILED: 8/27/07

**RECEIVED**

**AUG 2 7 2007**

**SAN DIEGO DISTRICT OFFICE**

STATE OF CALIFORNIA

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

22

*fele to EEoc*



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                                ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov

September 5, 2007

CHERIE ALEXANDER
P.O. Box 230842
Encinitas, CA 92023

RE:    E200708D0261-00-aprsc
       <u>ALEXANDER/SAN DIEGO UNIFIED SCHOOL DISTRICT</u>

Dear CHERIE ALEXANDER:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 4, 2007 because an immediate right-to-sue notice was requested.  DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

I want my job back! Cohen never helped me either - told Ms Howes he would.  Jan. 2007
I deserve my job back! *** EMPLOYMENT ***

COMPLAINT OF DISCRIMINATION UNDER    DFEH # E200208-D-0261-00-aprsc
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT   DFEH USE ONLY

The Depositions of last several months have brought out some Significant Facts where Dist. Lied + also Sharma that Hiss not

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)  MS. Cherie Alexander    TELEPHONE NUMBER (INCLUDE AREA CODE) 760 943 8499

ADDRESS  P.O. Box 230842    (no innocent teacher of 30+yrs should have be treated this way ever!)

CITY/STATE/ZIP  Encinitas  Ca  92023   COUNTY San Diego   COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME  San Diego Unified School District and Superintendent Cohen & their legal Dept.   TELEPHONE NUMBER (Include Area Code)

ADDRESS  4100 Normal Street   DFEH USE ONLY

CITY/STATE/ZIP  San Diego  Ca   COUNTY San Diego   COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)  From last sev. mo.   DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   RESPONDENT CODE

THE PARTICULARS ARE:
On 9-4-07 Tirey Pines School I was

___ fired
___ laid off
_X_ demoted
_X_ harassed
___ genetic characteristics testing
___ forced to quit

Depositions reveal their badness

_X_ denied employment Back to my K-1 class
___ denied promotion
___ denied transfer
_X_ denied accommodation My class
___ impermissible non-job-related inquiry
_X_ other (specify) Denied rights of my discovery

___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation

@ #7 #8 2007  Murph
Hiss Fletchac Firm  Steve Cohen
San Diego  San Shelton

San Diego Hired Att. Hiss Fletcher APC  for a fair & neutral trial
by San Diego Legal Dept - Jose Gonzales ("Chona") & theora Hair

Name of Person    Job Title (supervisor/manager/personnel director/etc.)

Kirsten lied for Solo!! Dishonest behavior

because of my: _X_ sex
___ age
All recent facts unfolding on Deposition & witnesses
___ religion
___ race/color

___ national origin/ancestry
_X_ physical disability
___ marital status
___ sexual orientation
_X_ association C+H

___ cancer
___ mental disability
___ genetic characteristic
_X_ other (specify)

(Circle one) filing;
Protesting; participating in investigation retaliation for)

Writing
Store Wall me & Mobbing & me
NEA & Uncor

the reason given by (1) Tirey Pines School Admin denied me my job again to expose them !!

Name of Person and Job Title

Present current Depos & witnesses (2) District in house & out house attorneys lie about me and slander me to my face and in their papers! (Also solo thoughts it ok to yell at me)

Was because of [please state what you believe to be reason(s)]

(3) Depositions of Conaway/Mann/McVek & Gonzales/Tilling host/Herstein show that they blame each other and also do not deny that my monies & other personal items were stolen along with me being slandered for over 4+ years and presently as well.

(4) The District Attorney Legal Dept lived OAH + under DGS - they pay them to give me a hearing - But the District won't give the correct Discovery or truth & SIDE with Adler & Basio! Retaliation here!

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier. Gonzales said to send Solo terrible to me!! Aug-2007

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true. This District Att. have Slandered me! They try to stop my job.

Dated  Sept. 4, 2007

At  San Diego Calif    City

COMPLAINANT'S SIGNATURE  Cherie Alexander

(P.S.) Solo setup - Herstein - Herstein testified that he told them not to come to the conference (while) he used his power to write up my improper use to be used to fire me!!! That's a Frame

Also Solo used his power to threaten bribe Kirsten Staples to lie to get my Job!!

DATE FILED: 9/4/07

RECEIVED
SEP 0 4 2007  STATE OF CALIFORNIA
SAN DIEGO

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

24

**DGS**

Office Name   : ADMINISTRATIVE HEARINGS
Type of Service : Teacher Dismissal (Stull)
Fund          : SRF-Office of Administrative Hearings

| Invoice Date |
| --- |
| 30-AUG-2004 |

| Invoice Number |
| --- |
| 2280361 |

Service Period:   07-2004 to 07-2004

Page # 1   OF 1

**Customer Name and Address**

SAN DIEGO CITY SCHOOLS
ATTN: ACCOUNTS PAYABLE
ROOM 3209
4100 NORMAL STREET
SAN DIEGO CA 92103

5130 Teacher Dismissal (Stull)

**Account Number:** OR6009

SDCS
ACCOUNTS PAYABLE
2004 SEP -9  AM 10: 54

**Description**

5 AlJ Hours @169 = $84.5 (1200112075) TORTORELLO, FRANCES
Case Filings, AlJ Services @62.7 = $62.7 (1200407014?) INOCENCIO, BELEN AVELINA
Case Filing, Rpt. Services @3.3 = $3.3 (1200407014?) INOCENCIO, BELEN AVELINA
5 AlJ Hours @169 = $84.5 (1200407014?) INOCENCIO, BELEN AVELINA
Case Filings, AlJ Services @62.7 = $62.7 (12004070591) ALEXANDER, CHERIE
Case Filing, Rpt. Services @3.3 = $3.3 (12004070591) ALEXANDER, CHERIE
1 Case Filings, AlJ Services @62.7 = $62.7 (12004070432) NOLTE, LINDA
1 Case Filing, Rpt. Services @3.3 = $3.3 (12004070432) NOLTE, LINDA
.5 AlJ Hours @169 = $84.5 (12004050110) SCARCIA, ROBERT

Total Amount Due:           $451.50

Budget Cht.   No.

Approved for Payment

Return in ACCT'S. PAYABLE DEPT.
Education Center, Room 3209
PLEASE EXPEDITE INVOICE

If there are any questions concerning this invoice, please contact:
OFFICE OF ADMINISTRATIVE HEARINGS
Phone:.....Called. 454.1900.

-----Cut Here-----

Please return this portion with payment:
Payable to: DEPARTMENT OF GENERAL SERVICES
P O Box 989053
West Sacramento, CA 95798-9053

Fund SRF-Office of Administrative Hearings
Please pay this amount:
Amount paid----------->451.50
Invoice Date: 30-AUG-2004   Invoice Number: 2280361

Customer Name : SAN DIEGO CITY SCHOOLS

| Account Number : OR6009 | Customer Name : SAN DIEGO CITY SCHOOLS |

Please return this portion with indicating invoice(s) and amount(s). Remit to the address above.
Payable Name: (As appears on card)
Complete the information below indicating invoice(s) and amount(s). Remit to the address above.
or Credit card use only: Complete the information below indicating invoice(s) and amount(s).
Type of credit card: (Circle one)  MC  Visa  Discover  AMEX
redit Card Number:

*(handwritten notes):*

How Can OAH be objective if they are paid to Fire one?

The DGS had to manage many agencies one is OAH. OAH only has director only Gov. is his boss

25

Ex (2)

OAH

Refused justice
Refused laws
Refused due process
✗✗✗✗ — Contemned for Dist
but not for me to get discovery

OAH = Pred. Biased

Obstructed justice

wouldn't allow Discovery

Sided with Dist

Treated me plaintiff
with distain — See
transcripts

OAH went forward
while appeal of discovery
issue pending!.

not lawful to say
the least

26

*[handwritten: Breaking more laws]*

TRANSCRIPT OF PROCEEDINGS   5/24/2007

## Page 18

1  we're going to waive notice on this.
2      THE COURT:  Did you talk to your client about
3  it?
4      MS. ROTHMAN:  I have not talked to my client,
5  but she is under the impression that the other order is
6  still in effect where she is required to sit for her
7  deposition prior to the hearing.
8      THE COURT:  Tell her that it's still in
9  effect.
10     MS. ROTHMAN:  I will remind her.
11     THE COURT:  Any more?
12     MR. SHERMAN:  That's it, your Honor.  Thank
13  you for your time.
14     THE COURT:  Do you understand my rules?
15     MR. SHERMAN:  If we have a problem to call.
16     THE COURT:  Call.  Don't file a million
17  papers.  Don't be asking for sanctions.  What happens
18  is, it's like a big balloon.  If you push it on one
19  side, it kind of pops out on the other, and that's what
20  you guys are doing.  That's pretty much what good
21  lawyers do.  But it's time to knock it off.
22     I was telling the reporter that -- when was
23  she last employed?
24     MR. SHERMAN:  2003.
25     THE COURT:  She was last employed in 2003.

*[handwritten left margin: May 30]*
*[handwritten left margin: Obstruction of Justice here]*

## Page 19

1  We're now in 2007 and still haven't had a hearing.
2  Ms. Rothman, you've been a blessing in this
3  proceeding.  Trust me.  Ask Mr. Sherman.  He rarely
4  wakes up in the morning now and finds an e-mail that
5  tells him what a rotten son of a bitch he is.
6      MR. SHERMAN:  They were handwritten letters,
7  your Honor, but yes.
8      MS. ROTHMAN:  I don't use that language.
9      THE COURT:  And he appreciates that.
10     MS. ROTHMAN:  I think it's been trying,
11  considering the history of the case and the short amount
12  of time that its --
13     THE COURT:  That's where we find ourselves.
14     MS. ROTHMAN:  Correct.
15     THE COURT:  And that's how we're going to
16  proceed, and that's why you folks need to get this stuff
17  done.  I don't know about you, but when I was
18  practicing, I used to always have a bad file.  I'd
19  always put it on my desk, and I was always going to get
20  to it tomorrow.  It never got any better just sitting
21  there.  On the corner of this desk, that's the Alexander
22  file, and it's not getting any better just sitting there
23  for any of us.
24     And that's the other thing, that it will get
25  done.  It's like surgery.  You don't want it, but it

*[handwritten left margin: a lie!!]*
*[handwritten left margin: bad file: tomorrow!]*

## Page 20

1  does get done.  So do whatever you have to do to get it
2  done.  Okay?  If you have a problem, call.  Don't be
3  asking for sanctions.  Okay?
4      MR. SHERMAN:  Thank you.
5      MS. ROTHMAN:  Thank you.
6      THE COURT:  That's the order.
7      (Proceedings concluded at 2:33 p.m.)
8                      -oOo-
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*[handwritten: Ahler]*
*[handwritten: not neutral!]*
*[handwritten: Ahler obstructs justice.]*
*[handwritten: It was Dist & OAH that postponed this for so long and wasted tax payers money when Alexander could have taught !!!! (all that time)]*

## Page 21

1  STATE OF CALIFORNIA  )
                        )
2  COUNTY OF SAN DIEGO  )
3
4
5      I, Vivian R. Weiss, Certified Shorthand
6  Reporter in and for the State of California, do hereby
7  certify:
8      That the foregoing hearing was taken before me
9  at the time and place therein named; that said hearing
10  was reported by me in shorthand and later transcribed
11  under my direction, and the preceding pages contain a
12  true record of the proceedings; and I do further certify
13  that I am a disinterested person and am in no way
14  interested in the outcome of said action or connected
15  with or related to any of the parties in said action or
16  to their respective counsel.
17
18     IN WITNESS WHEREOF, I have subscribed my name
19  this 6th day of June 2007.
20
21
22
23  Vivian R. Weiss, RPR, CSR No. 12380
24
25

*[handwritten: Sam couldn't produce the letters & he lied to Judge about me.]*

*[handwritten page number: 27]*

But! OAH
isn't neutral
This one took sides against Plaintiff
Discriminated against Plaintiff
Sealed records I want noticed
Things I want noticed
about the Ltr
etc
etc

Mission Statement
Office of Administrative Hearings

we provide a neutral
forum for fair and Independent
resolution of Matters in a
Professional, efficient, and
innovative way ensuring Due
process and respecting the Dignity
of all.



**OFFICE OF ADMINISTRATIVE HEARINGS**
1350 Front Street, Room 6022, San Diego, CA 92101
www.oah.dgs.ca.gov

State of California I Department of General Services

619 525-4475 phone | 619 525-4419 fax

not neutral

28

Dist suppose to have discovery in
60 days after + never did. They just let it ride.

Dist - changed time
Dist - changed time
Dist - changed time
Dist - changed time           ← Refused Discovery for yrs and years!
Dist - changed time not ready

Steiner attorney not ready
I requested Hearing
I was in hospital
Panelists Problems
_____

Tried me, without my attorney
without my discovery
without ME

no notice to me
or service to "I did a Seal

(1) Put a "Seal" on Rothman
(2) Put protective order
     on my defences

(3) Also told S. Court not
     to allow discovery
     from depositions

(4) Slam dunk for S. Dist.

OAH overstepped
their "neutral" authority

— Gov't Code # 11534 —
A) [Continuance]

• (1) Aug 3, 2004 to Continue (A) = January 4, 2005
• (2) Jan. 4, 2005 to Continue (B) = May 16, 2005
• (3) May 16, 2005 to Continue (C) = ✗ did Settlement Conf.
✗ ✗  (4) Sept 30, 2005 to Continue (D) = January 17, 2006
• (5) January 17, 2006 to Continue (E) = March 2, 2006
• (6) April 12, 2006 to Continue (F) = Sept 19, 2006
• (7) Sept 19, 2006 to Continue (G) = April 16, 2007
• (8) April 16, 2007 to Continue (H) = June 4, 2007
(9) June 4, 2007 to Continue (I) = Sept. 17, 2007
✗ ✗ (10) Sept. 17, 2007 to Continue (J) =  ??

Asked Hearing judge - He is arbitrator of justice
OAH charged I was  ← delays wasn't all of me
only the 3 yrs       to get Discovery
✗ ✗ No no Truth

✗ ✗ - Hearing < Complete not given yet
✗ ✗ - no discovery given by the District yet. They only
        gave me stall facts
A) Refused

I wanted discovery
I wanted unbiased
I wanted truth

— Still do —

LAW OFFICES OF
## TOSDAL, SMITH STEINER & WAX
600 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-4508

THOMAS L. TOSDAL
ANN M. SMITH
FERN M. STEINER                                                         TELEPHONE (619) 239-7200
MICHAEL K. WAX                                                           FACSIMILE (619) 239-6048
JON Y. VANDERPOOL                                              EMAIL FSTEINER@TOSDALSMITH.COM
JAMES M. STERN
ROBYN PARK

April 8, 2005

Shirley Simpson
6706 Lucille Avenue
Bakersfield, Ca. 93308

Re: CPC Hearing - Cherie Alexander

Dear Ms. Simpson:

The hearing in this matter is now scheduled for May 16, 17, 18 and 19, 2005 is again being postponed. We have not yet received the discovery. In addition, the parties will be engaged in settlement discussions during the time scheduled for hearing. I will contact you should the matter get rescheduled to see if you are still willing to serve. If it is rescheduled, it would be during the next school year.

Thank you again for your participation.

*Fall or Maybe 06 ?!*

Sincerely,

TOSDAL, SMITH, STEINER & WAX

Fern M. Steiner

cc: Cherie Alexander

*as of April! Still just can't find "discovery" because they are wrong what they did*

30

Ex 3

nl csabled & medical
Back to Work

also disabled

update of OAH

opposing counsel
stressing me to
do radio —

See hls. correspondence

31

**Louis Fontana, M.D.**
2801 Camino Del Rio South, Suite 303
San Diego, CA 92108
Tel. (619) 291-7900

CA Lic. G49072
DEA AF1870802

Serial # A22428

Patient Name

Address

Rx 1  PLEASE CALL
      ME REGARDING

Rx 2  CNGR1 ALGXANDGR
      ANXIETY DISORDER

Rx 3  THANK YOU

| | QUANTITY: ☐ 1 - 24  ☐ 25 - 49 |
| --- | --- |
| | ☐ 50 - 74  ☐ 75 - 100  ☐ 151 & OVER |
| | ☐ 101 - 150 |
| | Units |
| | ☐ Do not substitute |
| | Refill @ 1 · 2 · 3 · 4 · PRN |

250

X _____ J. CANDELMO MD  12/19/07
                          Date

Circle No. of Drugs Prescribed:  1   2   3

Prescription is void if number of drugs prescribed is not circled.

Security features are listed on back. Void if box is checked or background on white paper.
SP-9/www.americansecurityrx.com  Tel. 877-290-4262

---

**Louis Fontana, M.D.**
2801 Camino Del Rio South, Suite 303
San Diego, CA 92108
Tel. (619) 291-7900

CA Lic. G49072
DEA AF1870802

Serial # A22428

DOB  9 / 13 / 41

Patient Name  CNGR1 ALGXANDGR

Address  PO Box 230842  92023

Rx 1  Buspar 5q # 180
      1 q AM q q noon 2hrs
      1 q 1 q 3 id 1 q TID

Rx 2

Rx 3

| | QUANTITY: ☐ 1 - 24  ☐ 25 - 49 |
| --- | --- |
| | ☐ 50 - 74  ☐ 75 - 100  ☐ 151 & OVER |
| | ☐ 101 - 150 |
| | Units |
| | ☐ Do not substitute |
| | Refill @ 1 · 2 · 3 · 4 · PRN |

| | QUANTITY: ☐ 1 - 24  ☐ 25 - 49 |
| --- | --- |
| | ☐ 50 - 74  ☐ 75 - 100  ☐ 151 & OVER |
| | ☐ 101 - 150 |
| | Units |
| | ☐ Do not substitute |
| | Refill @ 1 · 2 · 3 · 4 · PRN |

| | QUANTITY: ☐ 1 - 24  ☐ 25 - 49 |
| --- | --- |
| | ☐ 50 - 74  ☐ 75 - 100  ☐ 151 & OVER |
| | ☐ 101 - 150 |
| | Units |
| | ☐ no substitutions |
| | Refills are not allowed on this script |

Refills allowed is void if not checked

249

X _____ J. CANDELMO MD  12/19/07
                          Date

Circle No. of Drugs Prescribed:  1   2   3

Prescription is void if number of drugs prescribed is not circled.

Security features are listed on back. Void if box is checked or background on white paper.
SP-9/www.americansecurityrx.com  Tel. 877-290-4262

---

Anxiety Disorder /agg Needled
Caused by intense work stress &
harassment and hostile
acts and administratory
note noted retailed filed /unpaid
to slander me and the injury job.

---

**Louis A. Fontana, M.D.**
Diplomate, American Board of Anesthesiology
Subspecialty Certification in Pain Medicine
Diplomate, American Board of Psychiatry and Neurology, Psychiatry
Qualified Medical Evaluator

2801 Camino Del Rio South      Phone:     (619) 291-7900
Suite 303                       Fax:       (619) 291-7902
San Diego, California 92108     Ans. Serv: (760) 488-3319

32

**★ TRISTAR**
**RISK MANAGEMENT**

August 18, 2003

Ms. Cherie Alexander
P.O. Box 230842
Encinitas, CA 92023-0842

| Date of Injury: | 01/07/2003 | Claimant: | Cherie Alexander |
|---|---|---|---|
| Claim Number: | 03000105 | Employer: | San Diego Unified School District |

### NOTICE REGARDING PERMANENT DISABILITY BENEFITS

Dear Ms. Alexander:

TRISTAR Risk Management is handling your workers' compensation claim on behalf of San Diego Unified School District. This notice is to advise you of the status of permanent disability payments for your workers' compensation injury.

Payments for permanent disability are beginning continuing for the period from 06/18/03 through 08/18/03.

The first payment, in the amount of $1,505.74, is enclosed. Your weekly compensation rate is $170.00 based on your earnings of $1,619.64 per week. Payments will be sent to you every two weeks on **Monday** and will continue until $13,836.30 has been paid based on our current estimation of Permanent Disability. These payments will be deducted from any award you may receive.

I will be checking with your doctor until your condition is permanent and stationary. At that time your doctor will determine whether or not you have any permanent disability and/or need for further medical care. Once the final report from your treating physician is received we will notify you of any changes to Permanent Disability.

The State of California requires this notice to include the following language:

*If you want further information, you may contact the local State Information and Assistance Office by calling (619) 767-2082, or you may receive recorded information by calling 1-800-736-7401. You may also consult an attorney of your choice. Should you decide to be represented by an attorney, you may or may not receive a larger award, but, unless you are determined to be ineligible for an award, the attorney's fee will be deducted from any award you might receive for disability benefits. The decision to be represented by an attorney is yours to make, but it is voluntary and may not be necessary for you to receive your benefits. With or without an attorney, you may ask to have your case heard by the Workers' Compensation Appeals Board.*

If you have any questions, please call me at (858) 715-4173.

Sincerely,

Lena Nanos
Sr. Claims Examiner

LN/lmc

TRISTAR Risk Management
P.O. Box 600630
San Diego, CA 92160

DWC 500-B (REV. 3-1996) (PAGE 1 of 1)                    DWC-500B

33



**TRISTAR**
RISK MANAGEMENT

January 14, 2005

Ms. Cherie Alexander
P.O. Box 230842
Encinitas, CA 92023-0842

Date of Injury:    01/07/2003          Claimant:    Cherie Alexander
Claim Number:    03000105             Employer:    San Diego Unified School District

## NOTICE REGARDING PERMANENT DISABILITY BENEFITS

TRISTAR Risk Management is handling your workers' compensation claim on behalf of San Diego Unified School District. This notice is to advise you of the status of permanent disability payments for your workers' compensation injury of BODY SYSTEMS & MULT BODY SYS.

Payments are ending because you have been paid the full estimated amount of permanent disability due to you.

Benefits paid to you total $13,836.30 for the period from 06/18/03 through 01/17/05 at $170.00 per week.

If you disagree with this decision, and are represented by an attorney, please contact your attorney.

The State of California requires that you be given the following information:  If you disagree with the decision, you may consult with a State Information and Assistance Officer at 1-800-736-7401 or call your local Information and Assistance Officer at (619)767-2082.  You may also consult with and be represented by an attorney, and/or apply to have your case heard by the Workers' Compensation Appeals Board. Should you decide to be represented by an attorney, you may or may not receive a larger award, but, unless you are determined to be ineligible for an award, the attorney's fee will be deducted from any award you might receive for disability benefits.  The decision to be represented by an attorney is yours to make, but it is voluntary and may not be necessary for you to receive your benefits.

Sincerely,

*Lena Nanos*

Lena Nanos
CLAIMS EXAMINER

Laughlin, Falbo, Levy & Moresi
600 "B" Street, Suite 2300
San Diego, CA 92101

DWC 500-B (REV. 1-05) (PAGE 1 of 1)

DWC-500B (Rev. 1-05)

**P.O. Box 600630 • San Diego, CA 92160**

34

Alexander Cherie R
EMPLOYEE NAME   (LAST,    FIRST,    MIDDLE)    SOCIAL SECURITY NO.   LOC. NO.   LOCATION NAME
☑ CERTIFICATED
☐ FOOD SERVICES
☐ OTHER CLASSIFIED
279   Torrey Pines

## INDUSTRIAL ACCIDENT LEAVE BENEFITS APPLICATION

| FIRST DAY ABSENT (DATE) | LAST DAY ABSENT (DATE) | NO. OF DAYS | NO. OF HOURS* | DATE OF ACCIDENT: | MONTH 1 | DAY 7 | YEAR 03 |
|---|---|---|---|---|---|---|---|
| 1-28-03 | 2-15-03 | 13 | 104 | | | | |

DESCRIBE INDUSTRIAL ACCIDENT OR ILLNESS:

I CERTIFY THAT THE ABOVE PERSON WAS UNABLE TO WORK DURING THE ABOVE PERIOD.

EMPLOYEE'S SIGNATURE   Cherie R Alexander   2-8-03   DATE

DATE OF EXAMINATION: 1-15-03

MEDICAL FINDINGS: acute hemiparesis/work stress

CALIF. LICENSE NO. G-32144

PHYSICIAN'S SIGNATURE

I CERTIFY THAT THE FACTS STATED ABOVE ARE TRUE TO THE BEST OF MY KNOWLEDGE

ADMINISTRATOR'S SIGNATURE   2-12-03   DATE

2214000

NOW-100   *8 HOURS PER DAY – FULL TIME ASSIGNMENT   SEE REVERSE SIDE FOR FURTHER INSTRUCTIONS

---

Alexander Cherie R
EMPLOYEE NAME   (LAST,    FIRST,    MIDDLE)    SOCIAL SECURITY NO.   LOC. NO.   LOCATION NAME
☑ CERTIFICATED
☐ FOOD SERVICES
☐ OTHER CLASSIFIED
279   Torrey Pines

## INDUSTRIAL ACCIDENT LEAVE BENEFITS APPLICATION

| FIRST DAY ABSENT (DATE) | LAST DAY ABSENT (DATE) | NO. OF DAYS | NO. OF HOURS* | DATE OF ACCIDENT: | MONTH 1 | DAY 7 | YEAR 03 |
|---|---|---|---|---|---|---|---|
| 2-16-03 | 3-15-03 | 19 | 152 | | | | |

DESCRIBE INDUSTRIAL ACCIDENT OR ILLNESS:

I CERTIFY THAT THE ABOVE PERSON WAS UNABLE TO WORK DURING THE ABOVE PERIOD.

EMPLOYEE'S SIGNATURE   Cherie R Alexander   2-5-03   DATE

DATE OF EXAMINATION: 1-15-03

MEDICAL FINDINGS: acute hemiparesis/work stress

CALIF. LICENSE NO. G-32144

PHYSICIAN'S SIGNATURE

I CERTIFY THAT THE FACTS STATED ABOVE ARE TRUE TO THE BEST OF MY KNOWLEDGE

ADMINISTRATOR'S SIGNATURE   2-12-03   DATE

2214000

NOW-100   *8 HOURS PER DAY – FULL TIME ASSIGNMENT   SEE REVERSE SIDE FOR FURTHER INSTRUCTIONS

---

Alexander Cherie R
EMPLOYEE NAME   (LAST,    FIRST,    MIDDLE)    SOCIAL SECURITY NO.   LOC. NO.   LOCATION NAME
☑ CERTIFICATED
☐ FOOD SERVICES
☐ OTHER CLASSIFIED
279   Torrey Pines

## INDUSTRIAL ACCIDENT LEAVE BENEFITS APPLICATION

| FIRST DAY ABSENT (DATE) | LAST DAY ABSENT (DATE) | NO. OF DAYS | NO. OF HOURS* | DATE OF ACCIDENT: | MONTH 1 | DAY 7 | YEAR 03 |
|---|---|---|---|---|---|---|---|
| 3-16-03 | 4-15-03 | 22 | 176 | | | | |

DESCRIBE INDUSTRIAL ACCIDENT OR ILLNESS:

I CERTIFY THAT THE ABOVE PERSON WAS UNABLE TO WORK DURING THE ABOVE PERIOD.

EMPLOYEE'S SIGNATURE   Cherie R Alexander   2-5-03   DATE

DATE OF EXAMINATION: 3-4-03

MEDICAL FINDINGS: acute hemiparesis/work stress

CALIF. LICENSE NO. G-32144

PHYSICIAN'S SIGNATURE

I CERTIFY THAT THE FACTS STATED ABOVE ARE TRUE TO THE BEST OF MY KNOWLEDGE

ADMINISTRATOR'S SIGNATURE   2-12-03   DATE

2214000

NOW-100   *8 HOURS PER DAY – FULL TIME ASSIGNMENT   SEE REVERSE SIDE FOR FURTHER INSTRUCTIONS

---

*Handwritten margin note (left side, vertical):*
District did not accommodate my disability nor did OAH – specifically Alex/Brozic/Hylef Award ripped of these many after

*Handwritten note (bottom left):*
Stress related stroke left me disabled with anxiety disorder

Jan '03
Feb '03
March '03
} + on until 6 of '03 when coaxed go back to work - but anxiety disorder made me disabled but forced to work

| Home | Publications | Proceedings |

# Motor Unit Firing Patterns in Post-stroke Hemiparesis

Carolynn Patten, Mark C. Gardner, Kevin C. McGill, and Felix E. Zajac

Rehabilitation R&D Center, VA Palo Alto Health Care System

**Objective:** Stroke and resultant hemiparesis involves over 500,000 new cases in America each year. A characteristic of post-stroke hemiparesis is weakness. Consequently, a primary focus of rehabilitation is improvement of muscular strength and task-dependent control of muscular force. To date, no particular therapeutic approach has produced superior functional outcomes. Importantly, the neuromuscular mechanisms involved in post-stroke hemiparesis have not been well characterized. Thus, a sound, scientific basis for effective rehabilitation approaches is lacking. In an effort to develop more effective rehabilitation interventions, the aim of this research is to characterize the physiologic basis of impaired muscle function in persons with post-stroke hemiparesis.

**Methods:** Leg extension force and motor unit (MU) discharge activity are simultaneously measured from the vastus medialis during isometric (ISO) contractions to 40% of maximal voluntary force and during isometric contractions facilitated with either flexion (FF) or extension (FE) of the contralateral leg. Two groups of hemiparetic subjects demonstrating near complete (Brunnstrom 5-6, CVA-I) and moderate recovery (Brunnstrom 3-4, CVA-II) from hemiparesis are compared with young control subjects. Forces are obtained using strain gauge force transducers. Motor unit discharge activity is obtained using a quadrifilar needle electrode and identified using custom-written spike recognition software. MU discharge rates (MUDR) are measured and instances of recruitment and derecruitment identified.

**Results:** For isometric contractions, CVA-II subjects demonstrate significantly higher MUDRs than control and CVA-I subjects (20 pps vs 10 pps, p<.05). With contralateral flexion, control and CVA-I subjects increase ipsilateral force, primarily by recruiting additional MUs. In contrast, CVA-II subjects reduce ipsilateral force, primarily by reducing MUDR. With contralateral extension, control and CVA-I subjects reduce ipsilateral force, primarily by reducing MUDR. CVA-II subjects also reduce ipsilateral force and MUDR, but with a longer latency.

**Conclusions:** Results to date demonstrate remarkable impairment in force regulation mechanisms in hemiparetic individuals attributable to both supraspinal and spinal segmental levels of the neuraxis. These data will serve to identify impaired physiologic mechanisms to be targeted in future studies developing more effective rehabilitation interventions.

**Acknowledgments:** Department of Veterans Affairs - Rehabilitation R&D Career Development Award, Foundation for Physical Therapy - NITI Fellowship

* Partial paralysis; impaired muscle function

---

DEA # AY7054888

ROBERT S. YOHAS, M.D.
INTERNAL MEDICINE & GERIATRICS
530 LOMAS SANTA FE DRIVE
SUITE 0
SOLANA BEACH, CA 92075
858-481-7788   FAX: 858-481-2208
CA Lic. G-32144

NAME _re Claire Plessader_   DATE 11/6/03

ADDRESS _____

℞ (Please Print)

Pt is excused

from work due to
acute left hemiparesis

☐ LABEL.

REFILL _____ TIMES   PRN _____ NR _____ M.D.

☐ DO NOT SUBSTITUTE
TO INSURE BRAND NAME DISPENSING,
CHECK AND INITIAL BOX.

15-DEC-00                    01-100185000641-122697.0001

Fax (619) 696-1410
under penalty of perjury I declare
this true & correct. 8/27/07 Cherie Alexander

Aug. 27, 2007    TO: Sam Sherman

Subject: Deposition
with Video.    Cherie
Alexander
Declaration

I cannot accept your
push for a "video". I
can only tell you this again
and again Sam.
It is against my religion
of sense and against
my health situation to do so
I cannot be stressed
out too much Sam or I
might have a stroke!
Is that what you are
after? Do you want me
to become ill? I know
you don't care, but I have
a family Sam, and they care
also — you didn't clear the date ...!?!

[left margin, sideways:]
I cannot be deposed in any way
on that date you set. We will have to agree on
a date — Perhaps — Cherie Alexander

[right margin, sideways:]
* 3X I always was
available to you
Cherie gave them (them?) in June) 2007 — 3X Sam!!!

37





# TRISTAR
## RISK MANAGEMENT

August 14, 2003

RE:     Employee:     Cherie Alexander
        Employer:     San Diego Unified School District
        D/ Injury:    1/7/03
        Claim No:     03000105

Her Worker's Compensation Doctor, Dr. Yuhas, released Ms. Alexander to return to work on 6/9/03. She returned to her work site on 6/13/03, and the acting principal, Jim Solo, told Ms. Alexander that she was on suspension and was not allowed to be on the school grounds.  He then called the police to have Ms. Alexander removed, if she did not leave on her own.  He also would not allow her to return to work on Monday, 6/16/03.

Ms. Alexander has been off work due to a work related injury since 1/7/03.  She was not out on medical leave or was not suspended; she was out due to her injury.  She was very happy to be returning to work, however when she did the above incidents happened.

There have been some other incidents that have happened to Ms. Alexander with the acting principal which are not work related, however, it seems that all that happened before her injury are what led up to the injury.

*Lena Nanos*
Lena Nanos
Claims Examiner

*worken comp said il could go back !*

dba TRISTAR CLAIMS ADMINISTRATION
P.O. Box 600830 • San Diego, CA 92160 • (858) 715-8800 • Fax (858) 715-2899
License #0802644

38

525720 69    FILLED AFTER COVERAGE TERME DATE FILLED                        00


MESSAGE :

                                              MVIHMO222
COVERAGE ENDED 11/30/2007;ASK PATIENT FOR NEW CARD;FILLED AFTER COVERAGE TERMINA
TED

FOR ADDITIONAL INFORMATION PLEASE CALL MEDCO HEALTH 800-922-1557
ALEXANDER,CHERIE     09/13/41(760)944-4541 TP004000 000064102     MVIHMO222
P.O. BOX 230842      ENCINITAS     CA 92024                  MS:N RX# 525720

FAM(1), MBR(2), MBR 3PTY(3), DOCTOR(4), FILL/RFL(5), ADDL INFO(6), 3PTY(RTN),?
                                  * ERROR *  REJECTED BY 3PTY      PAID PRESCRI
 Cus  Doc  Drg  3pt    Pro  Pri  Lbl  His         Esc         205  WKS02F2



Benefits stopped on Nov. 30' 2007

Ex 43

& theft

That started all
this — it just kept
getting worse &
worse.

itt was a
conspiracy, I
believe they all
should be
B.

*Alexander*

**21**

September 24, 2002

To Whom it May Concern:

We, the undersigned teachers at Torrey Pines Elementary School, have been asked to relate the events we witnessed on August 27, 2002.

Cherie Alexander was extremely upset because she had heard that many things were missing from her classroom . These items had evidently been thrown in the trash dumpster at the direction of the principal. As Cherie was becoming quite hysterical, some staff members volunteered to help her retrieve her belongings. It was necessary for someone to get in the dumpster to get the items.

We found many of Cherie's personal items. Some of these items were personal photographs of Cherie's children when they were young, and a photo in a glass frame. Many books and teaching supplies had been discarded. These included a large art book on Monet, a new pack of never opened colored pencils, multiple pairs of child-size scissors, and teaching materials from our school district. Cherie had a large custom- made paper tree with limbs extending around the classroom. This was also thrown away.

Cherie was fond of buying gift items for friends. These were found in the trash, including a glass tray still in the box from the store.

There were notes from her class and desk items. We found a notebook containing notes from an in-service meeting she had recently attended. There were phonics booklets on rings which she used to teach the children.

It took about an hour to sort through the container. Cherie put these retrieved items in her car. According to the substitute custodian, the other missing items had already been hauled away by the trash company on the previous day.

This is a true account of what happened to the best of our recollection.

Sincerely,

*Deidre Hicks*

*Olivia E. Alford*

*Becky Boone*

*Tammy Gonzales*

*Wendy Gillespie*

*Gene Hilser*

*Mall*  9-25-02

*Randy Marks just came to my room and told me the truth.*

(said) The fire Marshall never had problem with "fire Hazard" issue in K-1

Mr. Marks, T.P. Custodian said on 8-27-02 Principal Conaway Colleen went for report and pressured him to write it in on the paper – after she had stolen all the many items from room, and Mrs. Alexander discovered it. Mr. Marks said she wanted to cover her behavior and use him to do it. ..0 !!

# FACTUAL INFORMATION

October, 2002
8:40 a.m.
Torrey Pines Elementary School
Room K1

Colleen Conaway asked us to be witnesses in room K1 when she asked Mrs. Alexander not to put information in the boxes.

Mrs. Alexander said "Why not?", it's a free country and Colleen had an advertisement for obtaining a donation of $8.00 for her facial in the boxes!  (Attachment A)

Mrs. Alexander was mad at Colleen about the room theft and asked Colleen why she hadn't begun to pay her back the money like she had said she was going to do ($1,000 a month).  Mrs. Alexander reminded Colleen that she had said it right by the bookshelf in room K1 and two parents heard her.

This is a true account.

Sincerely,

Bruce Kent, Union Site Rep

*Bruce Kent*

*Was present at above meeting.*

*I heard Colleen say she'd pay back $1,000 per week, but I think she meant a month.*

*Cherie Alexander - was present at the above meeting*
*Oct. 10, 2002*

42

24

# SAN DIEGO CITY SCHOOLS

TORREY PINES ELEMENTARY SCHOOL • 8350 Cliffridge Avenue, San Diego, CA 92037
Phone: (858) 453-2323 • Fax: (858) 452-6923

October 3, 2002

Dear Cherie:

I am writing this letter of apology for unknowingly removing personal items from your classroom when I was trying to clean and straighten it after summer cleaning. I realize that I should have contacted you immediately and assisted you with this process and with your permission. I understand that this has caused you great emotional distress. I realize that you felt betrayed because we had established a personal relationship over these four years and should never have done this without your permission.

I have spent many sleepless nights worrying about this incident and deeply regret that it ever happened. Please accept my written apology. Again, I am sorry for removing any personal belongings from your classroom.

Sincerely,

Colleen Conaway

Colleen Conaway
Principal

cc: Kari McVeigh, Instructional Leader

---

*Handwritten annotations:*

why 17?
Colleen

Colleen

I just looked + looked for my
B/c of things I
b/c of my Sr't be
of the Room after
in the Room after
Mark cleaned it
for summer
if it's gone F-d
if it's gone F-d
told you,

(1) why didn't you
call me?

(2) why did't you
want 4-6 hrs +
I would have been there

(3) why didn't you ever
put them outside my
room? I'm told there's
try to come it up if you
Now Notice of my B. !!!
didn't have
From Cherie

25

---

*7 teachers helped me get it out!*

## SAN DIEGO CITY SCHOOLS

TORREY PINES ELEMENTARY SCHOOL • 8350 Cliffridge Avenue, San Diego, CA 92037
Phone: (858) 453-2323 • Fax: (858) 452-6323

*This is the worst—I've ever known!
Your actions was the B. You never helped me help me!*

October 3, 2002

*★ ★ It takes a long time to remove so many barrels.*

Dear Cherie:

I am writing this letter of apology for unknowingly removing personal items from your classroom when I was trying to ~~clean and straighten~~ it after *summer cleaning.* I realize that I should have contacted you immediately and assisted you with this process and with your permission. I understand that this has caused you great emotional distress. I realize that you felt betrayed because we had established a personal relationship over these four years and should never have done this without your permission.

*→ridiculous  since when did you do this*

*I day before my return !!*

I have spent many sleepless nights worrying about this incident and deeply regret that it ever happened. Please accept my written apology. Again, I am sorry for removing any personal belongings from your classroom.

Sincerely,

Colleen Conaway

Colleen Conaway
Principal

cc: Kari McVeigh, Instructional Leader

*I am not done yet you...*

[handwritten notes in margin, partly illegible]

---

DATE: October 8, 2002

MEMO TO: Colleen Conaway, Principal

FROM: Cherie Alexander, K-1 Teacher

REGARDING: APOLOGY

I cannot accept the apology that Kari instructed you to write.
Please write a more honest one. What about the district materials that were tossed and the changes to the fire marshal report?    *# All this*

Your apology is twisted to make you look better. You were not in there to help me Colleen, you were in there to take out my things. You also stripped my desk area and that is where I put my most important items! (You could have waited one day or at least saved my things.)

*Ready Mays & path & lawn watering the B.*

Don't insult me by saying you "unknowingly" removed my things! There were 30 gallon cans (15 one day and 10+ another day) that were filled by the hands connected to your body. Then of course, there was Chris Mann who helped you as well as witnesses who saw both of you do it. Chris told teachers Tammy Gonzales and Cathy Isom that she chose to help!

DATE:        December 23, 2002

TO:          Colleen Conaway

FROM:        Cherie Alexander

RE:          REQUEST FOR REPAYMENT OF STOLEN MONEY
             AND MANY PERSONAL ITEMS

Since October, 2002, when you left Torrey Pines Elementary School, you have
ignored your words. Colleen, you said twice that you would repay the money
back to me in full. You said that you wanted to take full responsibility of the
situation and that Chris Marra should not have to be addressed, but I disagree.

I request you to pay me back. I will send Chris Marra a memo also because
she chose to help you.

Both of you stole my things and planned it in advance. Both of you directed
the custodians to discard all of it. Neither of you chose to leave my belongings
in front of my room for one day until I returned to report to work the next day.
Also, you came in on the weekend with your children and told them to steal
too! How could you? The neighbors saw you and Randy Marra told me!
Both of you were in a big rush; you did this after the room had been cleaned.
It was my business to put the room back together.

One day and a weekend before I returned, you and Chris Marra chose to
blatantly steal from me. How dare you both!

The first time you told me that you would pay me back this money was when
you came into my room in September, 2002 at 8:45 a.m. (two parents heard
you and they said that they will write letter, if I need them.)

The second time you told me that you would pay me back this money
was on October 9, 2002 at 8:35 a.m. when you brought Bruce Kent and
Tammy Gonzales into my room to tell me to stop putting information
into the boxes. However, you said that you would pay me $1,000 per week
and I said that it might be too much. I do believe you meant $1,000 per
month, as previously stated in September.

45

22

Mon. 27 found in trash and took out. Put ther... ...out my knowledge



School trash wa. filled to brim.



7 teachers helped me get it out!    46

Ex 5

Fire Reports
Legal Documents
Changed! For
the cover up!



## THE CITY OF SAN DIEGO

April 18, 2003

Ms. Cherie Alexander
P. O. Box 230842
Encinitas, CA 92023

Reference: Fire Inspections at Torrey Pines Elementary School

Dear Ms. Alexander:

The statement you requested in your recent conversation with Assistant Fire Chief Augie Ghio follows:

> A review of our inspection records for the Torrey Pines Elementary School, located at 8350 Cliffridge Avenue, La Jolla, California, appears to indicate the classroom K-1 was in compliance with the California Fire Code from 1996 to the present.

If you have additional questions or concerns about this matter, please feel free to contact Fire Prevention Supervisor Gary Tillinghast at (619) 533-4461.

Sincerely,

Samuel L. Oates
Fire Marshal

SLO/cm

cc:    Augie Ghio, Assistant Fire Chief
       Tracy Jarman, Assistant Fire Chief
       Gary Tillinghast, Fire Prevention Supervisor





**Fire and Hazard Prevention**
Fire and Life Safety Services • 1010 Second Avenue, Suite 300 • San Diego, CA 92101
Tel (619) 533-4400   Fax (619) 544-6806

48



## THE CITY OF SAN DIEGO

May 5, 2003

Ms. Cherie Alexander
P.O. Box 230842
Encinitas, CA   92023

Dear Ms. Alexander:

I am responding to your numerous requests for copies of the inspection record with information pertaining to your K-1 classroom at Torrey Pines Elementary School.  Particularly, you mentioned a record with "glitches" on it.

Per the Public Records Act we sent you all the records that were in our possession on April 4, 2003.  Subsequently we learned that the record to which you were referring was something that only the school would have.  A member of my staff contacted Mr. Jim Solo, the current principal, and he willingly faxed us the copy that I have enclosed here.

This record has a handwritten sentence on it that was not written by any member of the Fire Department.  I hope you will find this information useful.

We have no additional records related to this issue.  We do not expect any further correspondence from you.

Sincerely,

Samuel L. Oates
Fire Marshal

GT/

Enclosure:  Inspection Record Received From School

cc: August Ghio, Assistant Chief
    Tracy Jarman, Assistant Chief
    Gary Tillinghast, Fire Prevention Supervisor
    Sherri Quintana, Fire Prevention Inspector II
    Connie Flagg, Records Management Clerk





49

0580
0580 858

I told "Mrs. Alexander the truth.    "Alexander"

On 8-27-02

Colleen came in to get fire marshal report and I — underpressure) had to put comment of fire hazard.

:)

This was done after Mrs. Alexander found her things in the trash.

→ Randy Marta  9/25/02    9-25-02

T.P. Custodian)

Randy Marta — came into my room + told me what comments ad I told me concerning ad he said he was wrong.

9:30 AM

Copied V 8-27-02

50

# SAN DIEGO CITY SCHOOLS

TORREY PINES ELEMENTARY SCHOOL • 8350 Cliffridge Avenue, San Diego, CA 92037
Phone: (858) 453-2323 • Fax: (858) 453-6623

September 24, 2002

Fire Hazard Prevention
File Management Clerk
1010 Second Ave.
Suite 300
San Diego, Ca. 92101

To whom it may concern:

I am sending this letter to request a copy of any reports you may have on the fire inspections of room K-1 at Torrey Pines Elementary. Although it passed inspection this month, I believe it was out of compliance several times and we have not kept proper records documenting this.

Please send any information you may have concerning this classroom and send it to my attention. Thank you very much for you help.

Sincerly,

Chris Marra
Elementary School Assistant

---

THE CITY OF SAN DIEGO

April 18, 2003

Ms. Cherie Alexander
P. O. Box 232042
Escalon, CA 92023

Reference: Fire Inspections at Torrey Pines Elementary School

Dear Ms. Alexander:

The statement you requested in your recent conversation with Assistant Fire Chief Augie Ghio follows:

A review of our inspection records for the Torrey Pines Elementary School, located at 8350 Cliffridge Avenue, La Jolla, California, appears to indicate the classroom K-1 was in compliance with the California Fire Code from 1996 to the present.

If you have additional questions or concerns about this matter, please feel free to contact Fire Prevention Supervisor Gary Tillinghast at (619) 533-4461.

Sincerely,

Samuel L. Oates
Fire Marshal

SLO/cm

cc:   Augie Ghio, Assistant Fire Chief
      Tracy Jarman, Assistant Fire Chief
      Gary Tillinghast, Fire Prevention Supervisor

Fire and Hazard Prevention
Fire and Life Safety Section • 1010 Second Avenue, Suite 300 • San Diego, CA 92101
Tel (619) 533-4400  Fax (619) 544-6254

---

*[Handwritten notes:]*

19

after teacher discovered theft done & they kept it confidential
concerning the "ladder" that was framed & set up for the theft cover up variables.

Theft done years before teacher moves in before summer break.

Notice the Notes:
1) Aug. 27, 2002   Theft occured
2) Sept 24, 2002   ask burglar to come up with something, & they had nothing, "custodian gave Marra letter to Teacher, E.Day has one. She sent the frame.
3) April 18, 2003  two back ups, no paper trail.
4) Recording of F.P. files

51

United States District Court
Southern District

In the Matter of

Suit against
OAH - and employees
there in
Office of Administration /agency
and Div. DGS

**PROOF OF SERVICE**

I DEMO    DEMO

I am a resident of the State of California and over the age of eighteen years

On DEMO I served the within documents, with all exhibits (if any):

**REPLY OF SAN DIEGO UNIFIED SCHOOL DISTRICT TO ALEXANDER'S OPPOSITION TO MOTION FOR TERMINATING SANCTIONS**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery. A true and correct copy of the airbill is attached hereto.

12 20/07

TO: 1350 Front St
SAN DIEGO 92101 RM 6022

PROOF OF SERVICE

52

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

## I. (a) PLAINTIFFS
Cherie Alexander
Pro per

**DEFENDANTS**
O A H & DG'S
Office of Administration Hearings
Coordinator - Hitt Chater

(b) County of Residence of First Listed Plaintiff **San Diego County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

SOUTHERN DISTRICT OF CALIFORNIA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

PDU

BY:                    DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known) **07 CV 2397 BEN BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Case Sec. 12965 USC gov code 28 USC 1331 & 1332
Brief description of cause:
Agency did not do correct laws (they ignored an appeal case) ignored look Plaintiff ambush/Sabotage/Discriminated against/not allowed Discovery/disability /away /job

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,000,000 or less CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
Cherie Alexander  12/20/07
Cg

**FOR OFFICE USE ONLY**

RECEIPT # 145789   AMOUNT 350.—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

12/20/07   /n

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145789    — SR**
**\* \* C O P Y \* \***
**December 20, 2007**
**16:43:00**

**Civ Fil Non-Pris**
USAO #.: 07CV2397 CIV. FIL.
Judge..: ROGER T BENITEZ
Amount.:                    $350.00 CK
Check#.: PC#3128

**Total—> $350.00**

FROM: ALEXANDER V. OAH & DGS
        CIVIL FILING